IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN BURTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-01799 |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | **JURY TRIAL DEMANDED** |
| ) | |
| ST. LOUIS FIRE DEPARTMENT, ) | |
| ) | |
| DENNIS JENKERSON, ) | |
| individually and in his official capacity ) | |
| ) | |
| BRIAN WALSH, ) | |
| individually and in his official capacity ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

## **PARTIES AND JURISDICTION**

1. Plaintiff, Brian Burton (hereinafter "Plaintiff") was and is a resident of the State of Illinois. At all times relevant herein, he was employed by the City of St. Louis through the St. Louis Fire Department ("Fire Department"), located in St. Louis City, State of Missouri.

2. Plaintiff is Caucasian.

3. Defendant City of St. Louis, Missouri (hereinafter "City") is a municipal corporation organized and existing under the laws of the State of Missouri. More specifically, it is a charter city that operates the St. Louis Fire Department within the Eastern Division of the Eastern District of Missouri.

4. Defendant St. Louis Fire Department is a municipal fire department located within the City of St. Louis.

5. Defendant Jenkerson is the Chief of the Fire Department. He had and has ultimate supervisory authority over all facets of the Fire Department, to include the decision to fire Plainitff. He is sued in his individual and official capacities.

6. Defendant Walsh is the Deputy Chief of the Fire Department. He had supervisory authority over Plaintiff. He makes recommendations to Defendant Jenkerson relating to discipline, to include the decision to fire Plaintiff. He is sued in his individual and official capacities.

7. Defendants City and or Fire Department are employers within the meaning of the Missouri Human Rights Act in that they employ six or more persons within the State of Missouri and are political subdivisions of the State. § 213.010 R.S.Mo.

8. Defendants Jenkerson and Walsh were persons acting directly in the interest of an employer at all times relevant herein, and therefore, they are also an "employer" within the meaning of the Missouri Human Rights Act.

9. This action is brought pursuant to 42 U.S.C. §2000(e) et seq., 42 U.S.C. §§ 1981, and 1983, the 14th Amendment to the United States Constitution, and § 213.010 et seq. R.S.Mo. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

11. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b)

## FACTS COMMON TO ALL COUNTS

12. Plaintiff has been a firefighter since 1994. He started working for the Fire Department in 2013.

13. Burton was a successful firefighter and good at his job, according to Jenkerson.

14. On June 9, 2015, Plaintiff submitted a Form 5 105 (hereinafter "Form 5") to Jenkerson, informing the Fire Department that he had been arrested and charged with stealing, as required by Fire Department policy.

15. Plaintiff was charged with stealing after he accompanied another firefighter, George Anderson, to pick up a piece of equipment from Anderson's other employer. Anderson represented to Plaintiff that he had permission to borrow the piece of equipment, and Burton had no reason not to believe Anderson when he had a key to the gate. This was no different than previous projects Plaintiff had worked on with Anderson, when Anderson borrowed equipment form his other employer.

16. Jenkerson told Walsh that Plaintiff would not be terminated at the time of his arrest.

17. Defendants placed Plaintiff on unpaid administrative leave/forced leave on or about June 10, 2015 after he reported his arrest.

18. Plaintiff ultimately entered a plea of guilty and was placed in a Redirect Program by the Court. This Redirect Program allowed Plaintiff to withdraw his plea of guilty after twelve months.

19. As of the date of the filing of this Complaint, Plaintiff has successfully completed the Redirect Program. As a result his guilty plea has been withdrawn by the Court, meaning he has no criminal record.

20. Plaintiff was terminated on or about March 22, 2016.

21. Jenkerson has previously admitted that disciplinary actions should be imposed on a uniform basis: that the rules should be applied the exact same way to every firefighter.

22. Jenkerson has previously admitted that under the City/Fire Department's rules,

disciplinary actions must be administered on a uniform basis by an appointing authority, and the failure to do so could result in disapproval of the disciplinary action.

23.     Jenkerson has previously admitted that he could not discriminate against employees of the Fire Department because discrimination is prohibited by the Fire Department and City.

24.     Jamal McGilleberry is an African American employed by the Fire Department.

25.     McGilleberry was arrested and entered a plea of guilty to felony stealing while employed by the Fire Department.  He received a suspended imposition of sentence and was placed on probation for five years.

26.     McGilleberry was arrested at the fire station.

27.     He reported his arrest to his captain, battalion chief, and Jenkerson.

28.     McGilberry was never placed on administrative/forced leave after he was arrested and never terminated after he entered a plea of guilty to felony stealing.  He remained a firefighter.

29.     John Hicks is another African American employed by the Fire Department.

30.     Hicks was arrested and entered a plea of guilty to bank fraud and conspiracy.

31.     Hick was arrested at the fire station.  His arrest was reported in the *St. Louis Post Dispatch.*

32.     Hicks reported his arrest through the chain of command the same way Plaintiff reported his.

33.     Hicks worked for about a year after he was arrested, never having been placed on administrative/forced leave.  He was never fired.

34.     Hicks was permitted to resign and was paid all of his sick days and vacation time before he was imprisoned.

35.     Hicks spent nine months and 29 days in federal prison related to his plea of

guilty.  His arrest and conviction will always be a matter of public record.  After he was released from prison, Hicks returned as a firefighter to the Fire Department.  He was given all of his seniority back.

36. Jenkerson and the City knew about Hick's arrest and guilty plea when he was permitted to return to work as a firefighter because he disclosed both to the City and Jenkerson. Upon returning, Jenkerson simply asked Hicks if he would be comfortable coming back to the Fire Department under the circumstances.

37. Plaintiff filed a Charge of Discrimination with the EEOC and MCHR.

38. The Department of Justice issued a right to sue letter on March 29, 2017.

39. Plaintiff has requested a right to sue letter from the Missouri Commission on Human Rights, which has not been received as of the filing of this Complaint.

40. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

41. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress, and loss of his personal and professional reputation.

## COUNT I
## TITLE VII CLAIM: RACE DISCRIMINATION

For Count I of Plaintiff's cause of action against DefendantS City of St. Louis/St. Louis Fire Department, Plaintiff states:

42. Plaintiff realleges and incorporates by reference as if fully set forth herein the preceding paragraphs of his Complaint.

43. Plaintiff suffered adverse employment actions when he was placed on forced

leave and then terminated.

44. African American employees of the Fire Department were not put on forced leave or terminated when they were arrested and entered pleas of guilty to similar charges. One African American employee was permitted to return to work as a firefighter after he was released from prison.

45. Plaintiff was discriminated against by Defendants because of his race/color when he was put on forced leave and then terminated.

46. Plaintiff's race was a motivating factor in the decision to put him on forced leave and terminate him when similarly situated African American firefighters were not put on forced leave or terminated.

47. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by 42 U.S.C. §2000(e) *et seq*.

48. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

49. As a direct and proximate result of the acts of the Defendant alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants City of St. Louis and St. Louis Fire Department and thereafter:

A. Enjoin Defendants' officers, agents, representatives and employees, or others acting in concert with them or under their direction and control from engaging in the practices complained of herein, to wit, discriminating against employees on the basis of their race, and

thereafter, make Plaintiff whole by ordering his reinstatement with retroactive back pay, seniority, and all other privileges and benefits of his employment;

B. Order Defendants to make Plaintiff whole for any and all loses or damages he has suffered including lost wages and other benefits of employment in the amount of at least $75,000.00;

C. Award damages to Plaintiff for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation;

D. Award Plaintiff the costs of this action, together with his reasonable costs and attorney's fees; and

E. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT II
## MHRA CLAIM: RACE DISCRIMINATION

For Count II of Plaintiff's cause of action against all Defendants, Plaintiff states:

50. Plaintiff realleges and incorporates by references, as if fully set forth herein, the preceding paragraphs of his Complaint.

51. Plaintiff suffered adverse employment actions when he was placed on forced leave and then terminated.

52. African American employees of the Fire Department were not put on forced leave or terminated when they were arrested and entered pleas of guilty to similar charges.  One African American employee was permitted to return to work as a firefighter after he was released from prison.

53. Plaintiff was discriminated against by Defendants because of his race/color, when

he was placed on forced leave and then terminated.

54. Plaintiff's race was a contributory factor in the discrimination described above that culminated in his wrongful discharge.

55. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by §213.010 *et seq.* R.S.Mo.

56. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

57. As a direct and proximate result of the acts of the Defendant alleged herein, Plaintiff has suffered and will continue to suffer physical and emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

58. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others, as factually set forth herein, making an award of punitive damages against them appropriate in this case.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants and thereafter:

A. Enjoin Defendants' officers, agents, representatives and employees, or others acting in concert with them or under their direction and control from engaging in the practices complained of herein, to wit, discriminating against employees on the basis of their race, and thereafter, make Plaintiff whole by ordering his reinstatement with retroactive back pay, seniority, and all other privileges and benefits of his employment;

B. Order Defendants to make Plaintiff whole for any and all loses or damages he has suffered including lost wages and other benefits of employment in the amount of at least

$75,000.00;

  C. Award damages to Plaintiff for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation;

  D. Award Plaintiff punitive damages against the Defendants in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

  E. Award Plaintiff the costs of this action, together with his reasonable costs and attorney's fees; and

  F. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT III**
**VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL**
**PROTECTION COGNIZABLE UNDER 42 U.S.C. SECTION 1983**

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states:

59. Plaintiff incorporates by reference as if set forth fully herein the preceding paragraphs of his Complaint.

60. Defendants, acting under color of law, deliberately acted against Plaintiff as set forth above because of his race, causing him to be deprived of his rights secured by the Constitution and laws of the United States.

61. The actions, policies and practices complained of were in violation of 42 U.S.C. §1983 in that they denied Plaintiff of his rights secured not only by Title VII of the Civil Rights Act of 1964, but equal protection of the law secured by the Fourteenth Amendment to the United States Constitution.

62. The actions complained of herein were made by those with final policymaking

authority and/or approved by those with final policymaking authority as part of a deliberate policy/practice of discrimination.

63. The actions complained of herein were taken by Defendants Jenkerson and Walsh in their roles as Fire Chief and Deputy Chief as part of a deliberate practice, custom, or usage of discrimination against Plaintiff, a Caucasian employee of the Fire Department, who was treated differently and less favorably than similarly situated African American employees of the Fire Department.

64. Upon information and belief, the City/Fire Department by custom, usage, and/or practice have engaged in acts of discrimination against firefighters employed by the City/Fire Department such that the City/Fire Department may be held liable for the illegal discrimination against Plaintiff.

65. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

66. As a direct and proximate result of the acts of the Defendant alleged herein, Plaintiff has suffered and will continue to suffer physical and emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

67. The conduct of Defendants Jenkerson and Walsh as set forth herein was wanton, willful, and showed a reckless indifference to Plaintiff's constitutional and/or statutory rights as set forth above, making an award of punitive damages appropriate to punish them and to deter them and others from like conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants and thereafter:

A. Enjoin Defendants' officers, agents, representatives and employees, or others acting in concert with them or under their direction and control from engaging in the practices complained of herein, to wit, discriminating against employees on the basis of their race, and thereafter, make Plaintiff whole by ordering his reinstatement with retroactive back pay, seniority, and all other privileges and benefits of his employment;

B. Order Defendants to make Plaintiff whole for any and all loses or damages he has suffered including lost wages and other benefits of employment in the amount of at least $75,000.00;

C. Award damages to Plaintiff for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation;

D. Award Plaintiff punitive damages against the individual Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

E. Award Plaintiff the costs of this action, together with his reasonable costs and attorney's fees; and

F. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## VIOLATION OF PLAINTIFF'S RIGHTS SECURED
## BY  42 U.S.C. SECTION 1981

For Count IV of Plaintiff's cause of action against all Defendants, Plaintiff states:

68. Plaintiff incorporates by reference as if set forth fully herein the preceding paragraphs of his Complaint.

69. Defendants terminated Plaintiff, a Caucasian, but did not terminate African American firefighters under similar circumstances.

70. Plaintiff's race was the determining factor, motivating factor, or played a part in Defendants' decision to terminate Plaintiff and not terminate similarly situated African American employees of the Fire Department.

71. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

72. As a direct and proximate result of the acts of the Defendant alleged herein, Plaintiff has suffered and will continue to suffer physical and emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

73. The conduct of Defendants Jenkerson and Walsh as set forth herein was wanton, willful, and showed a reckless indifference to Plaintiff's constitutional and/or statutory rights as set forth above, making an award of punitive damages appropriate to punish them and to deter them and others from like conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants and thereafter:

A. Enjoin Defendants' officers, agents, representatives and employees, or others acting in concert with them or under their direction and control from engaging in the practices complained of herein, to wit, discriminating against employees on the basis of their race, and thereafter, make Plaintiff whole by ordering his reinstatement with retroactive back pay, seniority, and all other privileges and benefits of his employment;

B. Order Defendants to make Plaintiff whole for any and all loses or damages he has

suffered including lost wages and other benefits of employment in the amount of at least $75,000.00;

  C. Award damages to Plaintiff for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation;

  D. Award Plaintiff punitive damages against the individual Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

  E. Award Plaintiff the costs of this action, together with his reasonable costs and attorney's fees; and

  F. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

         Respectfully submitted,

         **PLEBAN & PETRUSKA LAW, LLC**


    By:  /s/ J.C. Pleban
      C. John Pleban, Mo. Bar No. 24190
      cpleban@plebanlaw.com
      Lynette M. Petruska, Mo. Bar No. 41212
      lpetruska@plebanlaw.com
      J.C. Pleban, MO Bar No. 63166
      jc@plebanlaw.com
      2010 South Big Bend Blvd.
      St. Louis, MO  63117
      (314) 645-6666 - Telephone
      (314) 645-7376 – Facsimile

    *Attorneys for Plaintiff*